*1146
On Motion for Rehearing

SCHWARTZ, Chief Judge.
Brown’s third Rule 3.850 motion claims that his lawyer improperly failed to advise him that, pursuant to section 921.001(4)(a), Florida Statutes (1983),[1] he could elect to be sentenced under the guidelines for his 1982 crimes. The premise upon which this contention is based — that such a right existed under the law — is entirely incorrect. The sentences which Brown is now serving were imposed, pursuant to his guilty plea, on March 25, 1983, well before the October 1, 1983, effective date of the guidelines. At the March 14, 1984, hearing, to which Brown apparently now refers, the record shows that he merely withdrew his then-pending 3.850 motion, see Brown v. State, 443 So.2d 309 (Fla. 3d DCA 1983), in exchange for the trial court’s amending the previous sentences to provide that two three-year minimum mandatory terms would run concurrently rather than consecutively. Brown did not “replead” and there was no new “sentencing” at that hearing or at any other time after October 1, 1983. Section 921.001(4)(a) therefore does not apply. For this reason, we adhere to our affirmance of the order denying the instant motion to vacate without a hearing.
Motion for rehearing denied.

. 921.001 Sentencing Commission.—
(4)(a) ... The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act. [e.s.]